related to the four criminal prosecutions of Wilson.

On appeal, Wilson has dropped his *Bivens* claims against four of the eight Defendants–Appellees, namely Daniel K. Hedges, James L. Powers, Theodore S. Greenberg, and Charles A. Briggs. He has not abandoned his *Bivens* claims against Defendants–Appellees Lawrence Barcella, Mark M. Richard, Delwen Lowell Jensen, and Stephen Trott, but only challenges two aspects of the district court's holding, insisting that the district court erred in concluding that (1) his claims related to the Tax Court proceeding are time barred and (2) Barcella, Richard, Jensen, and Trott are protected by absolute prosecutorial immunity for their decisions to suppress allegedly exculpatory materials related to Wilson's appeal of his Texas criminal conviction and Tax Court case.

After careful review of the record, applicable law as set forth in the briefs of both parties, their counsels' representations to us at oral argument, and our own independent research, we are satisfied that the district court correctly dismissed Wilson's action in its entirety. We hold that Wilson's *Bivens* claims related to his Tax Court proceeding are barred by Texas's statute of limitations.[3] Although we pretermit consideration of the whether the Defendants–Appellees are protected by absolute immunity for their conduct related to the Tax Court case because this claim is time barred, we hold that all Defendants–Appellees are immunized for their conduct related to the appeal of Wilson's Texas conviction.

The judgment of the district court is AFFIRMED.

**Christopher Thomas WALLACE, Plaintiff–Appellant**

v.

**The UNITED STATES CONFERENCE OF CATHOLIC BISHOPS AND MEMBER BISHOPS SEVERALLY; The Order of Carmelites; The Knights of Columbus; John Benedict Weber; The Catholic Diocese of Fort Worth; et al., Defendants–Appellees.**

**No. 08–10322 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 11, 2008.

Christopher Thomas Wallace, Fort Worth, TX, pro se.

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

---

**3.** Although the district court applied the statute of limitations of the District of Columbia (the locus of the alleged misconduct in the Tax Court proceeding), Greenberg convincingly argues in his brief that, following our decision in *Jones v. Bales*, 480 F.2d 805 (5th Cir.1973), the statute of limitations of the state of Texas (the forum of Wilson's action) should apply. Wilson expressly and unequivocally conceded this point at oral argument. We therefore apply the statute of limitations of Texas.

PER CURIAM: *

Affirmed. *See* 5th Cir. R. 47.6.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Frederick WILLIAMS, Defendant–**
**Appellant.**

**No. 07–60976**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 11, 2008.

David Anthony Sanders, U.S. Attorney's Office Northern District of Mississippi, Oxford, MS, for Plaintiff–Appellee.

Thomas Constantine Levidiotis, Oxford, MS, for Defendant–Appellant.

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Frederick Williams appeals the sentence he received after he pleaded guilty, pursuant to a writ-

ten plea agreement, to distribution of more than five grams of crack cocaine. He was sentenced to 108 months of imprisonment, to be followed by five years of supervised release.

Williams asserts that the district court's decision not to award him an additional offense level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) was unreasonable. Williams's insistence that the district court's decision was not based on proof beyond a reasonable doubt is unavailing because such factual findings need only be proved by a "preponderance of the evidence." *United States v. Johnson,* 445 F.3d 793, 798 (5th Cir.2006). As Williams waited until the day his trial was scheduled to begin before agreeing to plead guilty (or even if we credit his assertion that he attempted to change his plea earlier in the week of trial), the district court's denial of the reduction did not constitute clear error "under a standard of review even more deferential than a pure clearly erroneous standard." *United States v. Gonzales,* 19 F.3d 982, 983 (5th Cir.1994).

Williams also contends that the terms of his plea agreement show that the district court's decision not to apply the additional level of reduction was unreasonable. The plea agreement reserved for the government, however, the discretion to determine whether Williams "ultimately" deserved the additional reduction under § 3E1.1(b). Moreover, the decision whether to grant the additional level of reduction is the district court's—not the government's—even though the court may only do so on the government's motion, *see* § 3E1.1, com-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.